# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | |
|---|---|
| ISABELLA R. CARO, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 3:20-cv-00269 |
| LAW OFFICES OF CRYSTAL MORONEY, P.C., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

**NOW COMES** Isabella R. Caro ("Plaintiff"), by and through the undersigned attorneys, complaining as to the conduct of Law Offices of Crystal Moroney, P.C. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 and violations of the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. §392.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Texas, a substantial portion the events or omissions giving rise to the claims occurred within the Western District of Texas, and Plaintiff resides in the Western District of Texas.

## PARTIES

4. Plaintiff is a natural person over 18-years-of-age who at all times relevant is a is a "consumer" as the term is defined by 15 U.S.C §1692a(3).

5. Defendant is a debt collection firm with its principal place of business located at 17 Squadron Boulevard, Suite 303, New City, New York 10956. Defendant's primary business purpose is collecting or attempting to collect, directly or indirectly, defaulted consumer debts owed or due or asserted to be owed or due to others using the mail and telephone, including consumers in the State of Texas.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, vendors, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. Prior to the conduct giving rise to this cause of action, Plaintiff rented textbooks for college ("subject debt").

8. Due to a financial hardship, Plaintiff was unable to satisfy, and subsequently defaulted on, the subject debt.

9. Thereafter, Defendant acquired the right to collect on the subject debt after Plaintiff was in default.

10. In September 2020, Plaintiff began receiving collection phone calls to her cellular phone number, (915) XXX-2296, from Defendant.

11. On several occasions, Plaintiff answered calls from Defendant and asked Defendant to send her a letter validating the subject debt.

12. On each occasion, Defendant refused to validate the subject debt unless Plaintiff promised to pay it off.

13. Defendant further informed Plaintiff that it did not have to validate the subject debt.

14. On October 15, 2020, Plaintiff called Defendant and once again asked for Defendant to send her a debt validation notice.

15. In this call, Defendant's representative told Plaintiff that they were not a debt collector and therefore did not have to provide a debt validation notice.

16. Defendant further stated that it did not have Plaintiff's home address and admitted to never sending her a debt validation notice despite her prior requests to have one mailed to her.

17. Plaintiff then provided her home address so Defendant could mail her a debt validation letter, but Defendant's representative again refused to send one.

## DAMAGES

18. Defendant's harassing phone calls and refusal to validate the subject debt have severely disrupted Plaintiff's daily life and general well-being.

19. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

20. Concerned about the violations of her rights and invasion of her privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff restates and realleges paragraphs 1 through 20 as though fully set forth herein.

22. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

23. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

24. Moreover, Defendant is a "debt collector" because it acquired rights to the debt after it was in default. 15 U.S.C. §1692a(6).

25. The debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

26. Defendant used the phone to attempt to collect the debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

27. Defendant's communications to Plaintiff were made in connection with the collection of the debt.

28. Defendant violated 15 U.S.C. §§1692c(a)(1), d, d(5), e, e(10), f, and g through its unlawful debt collection practices on a debt that never belonged to Plaintiff.

    **a. Violations of FDCPA § 1692c**

29. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop. This repeated behavior of continuously and systematically calling Plaintiff's cellular phone after she demanded that it cease contacting her was harassing and abusive. Even after being told to stop calling her cell phone, Defendant continued its phone calls with the specific goal of abusing Plaintiff into making a payment on the subject debt.

30. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient, unwanted, and distressing to her.

### b.  Violations of FDCPA § 1692d

31. Defendant violated §1692d by engaging in abusive and harassing conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment on the subject debt.

32. Defendant violated §1692d(5) by causing Plaintiff's cell phone to ring continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff.

### c.  Violations of FDCPA § 1692e

33. Defendant violated §1692e and e(10) by using false, deceptive, and misleading means in an attempt to collect the subject debt. It was false, deceptive, and misleading for Defendant to tell Plaintiff it was not a debt collector and that it did not need to send her a debt validation notice. This blatant lie was used in an attempt to coerce Plaintiff into paying off the subject debt without first receiving information she is legally entitled to.

### d.  Violations of FDCPA § 1692f

34. Defendant violated §1692f when it unfairly and unconscionably refused to send Plaintiff a debt validation notice. Moreover, Defendant unfairly and unconscionably denied it was a debt collector in an attempt to avoid its duty to validate Plaintiff's debt and coerce Plaintiff into making a payment on the subject debt.

### e.  Violations of FDCPA § 1692g

35. Defendant violated §1692g by failing to send Plaintiff a 30-day validation notice within five days of its initial communication with her. Even after Plaintiff requested that Defendant validate the debt, Defendant repeatedly refused to send the notice and told Plaintiff it did not have to do so, despite the fact that it was Defendant's legal obligation to do so.

36. Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

37. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff ISABELLA R. CARO respectfully requests that this Honorable Court:
   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
   b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
   c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
   d. Award any other relief as the Honorable Court deems just and proper.

## COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

38. Plaintiff restates and reallages paragraphs 1 through 37 as through fully set forth herein.

39. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

40. The subject debt is a "debt" and a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

41. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

   **a. Violations of TDCA § 392.302**

42. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

43. Defendant violated the TDCA when it called Plaintiff repeatedly despite her request that the calls cease. The repeated calls were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment on the subject debt.

44. Furthermore, the TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(14), states that a debt collector is prohibited from "representing falsely the status or nature of the services rendered by the debt collector or the debt collector's business."

45. Defendant violated the TDCA by telling Plaintiff it is not a debt collector and therefore did not have to send her a validation notice.

46. As pled above, Plaintiff incurred actual damages as a direct result of Defendant's harassment.

**WHEREFORE**, Plaintiff ISABELLA R. CARO requests that this Honorable Court:

   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
   b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);
   c. Award Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);
   d. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;
   e. Award Plaintiff costs and reasonable attorney fees as provided under Tex. Fin. Code Ann. § 392.403(b)-(e); and
   f. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: October 29, 2020                                Respectfully Submitted,

/s/ Marwan R. Daher
/s/ Omar T. Sulaiman
/s/ Alexander J. Taylor
Marwan R. Daher, Esq.
Omar T. Sulaiman, Esq.
Alexander J. Taylor, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mdaher@sulaimanlaw.com
osulaiman@sulaimanlaw.com
ataylor@sulaimanlaw.com